# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| AMIR F. ABD-ELMALEK, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> BARRY H. JENKINS, ) <br> ) <br> Defendant, ) <br> _____) | Case No. 2:16-cv-02509-APG-GWF <br><br> **ORDER** <br><br> Plaintiff's Application to Proceed *In Forma Pauperis* (#1) |

This matter is before the Court on Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 1), filed on October 28, 2016.

### BACKGROUND

Plaintiff brings suit for review of his social security case. He claims that Administrative Law Judge ("ALJ") Barry Jenkin's disability determination, made on behalf of the Commissioner of Social Security, was based on legal error. Plaintiff states that ALJ Jenkins failed to consider all of the medical evidence in the record that proves Plaintiff is entitled to disability benefits. Plaintiff now seeks retroactive disability benefits from the date of his initial disability.

### DISCUSSION

**I.  Application to Proceed *In Forma Pauperis***

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a). Having reviewed Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. Therefore, Plaintiff's request to proceed *in forma pauperis* in federal court is granted.

**II. Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a

complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### III.    Complaint

Plaintiff asks this Court to review his social security application. A disagreement with the Social Security Administration's ("SSA") final decision may be grounds for this Court to review the case. Federal courts only have jurisdiction to conduct judicial review of the SSA's final decisions. *See* 42 U.S.C. § 405(g); *see also Pacific Coast Medical Enterprises v. Harris*, 633 F.2d 123, 137 (9th Cir. 1980). It is unclear that Plaintiff has exhausted all of his administrative remedies with the SSA. Plaintiff's Complaint asserts that the ALJ failed to review certain medical evidence and explained how other medical evidence was erroneous. *Complaint* (ECF No. 1-1). However, the Complaint does not clearly detail whether Plaintiff properly appealed the ALJ's decision to the Appeals Counsel and, if so, whether his request for review was denied thereby making the ALJ's denial of benefits a final decision for purposes of judicial review. Therefore, Plaintiff does not give the Court the necessary information to determine if it has jurisdiction over this matter. As a result, the Court will dismiss this Complaint with leave to amend, to provide Plaintiff another opportunity to give the Court the necessary information. In addition, Plaintiff has sued the wrong person. A complaint that seeks review of a social security determination is properly brought against the acting Commissioner of Social Security, Carolyn Colvin, not the individual Administrative Law Judge.

If Plaintiff elects to proceed in this action by filing an amended complaint, he is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff is informed that once he files an amended complaint, the Court is required to again conduct a screening pursuant 28 U.S.C. § 1915(e). Therefore, litigation of Plaintiff's case does not automatically commence upon the filing of an amended complaint. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 1) is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of four hundred dollars ($400.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (#1-1) be **dismissed** without prejudice with leave to amend. Plaintiff shall have until **December 2, 2016** to file an amended complaint correcting the noted deficiencies.

DATED this 3rd day of November, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge