UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AMIR F. ABD-ELMALEK,<br><br>　　　　　　　Plaintiff,<br>v.<br>BARRY H. JENKINS, *et al.*,<br><br>　　　　　　　Defendant[s]. | Case No. 2:16-cv-02509-APG-GWF<br><br>**ORDER** |

This matter is before the Court on Plaintiff's Amended Complaint (ECF No. 10), filed on May 1, 2017.

## **BACKGROUND**

On November 3, 2016, the undersigned entered an order granting Plaintiff's Application for Leave to Proceed *In Forma Pauperis* and dismissing Plaintiff's complaint without prejudice. The Court granted Plaintiff leave to file and amended complaint to amend the deficient claims no later than **December 2, 2016**. Plaintiff failed to file an amended complaint and mail sent to him was returned. *See* ECF Nos. 4,5. On March 8, 2017, the Court, therefore, dismissed his case. ECF No. 6. On March 27, 2017, Plaintiff filed a motion to re-open his case and on April 4, 2017, the Court granted his motion.

## **DISCUSSION**

Upon granting a request to proceed in forma pauperis and granting leave to amend, a court must additionally screen a complaint pursuant to 28 U.S.C. §1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it

appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). In its order (ECF No. 2), the Court gave Plaintiff leave to amend the noted deficiencies of his complaint and informed Plaintiff that pursuant to Local Rule 15-1, the Court could not refer to a prior pleading in order to make his amended complaint complete.

**I.  Screening the Instant Amended Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. See *Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id*. at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly*, 550 U.S. at 570.

To satisfy the screening requirements with respect to social security appeals, a plaintiff must set forth the following: (1) the plaintiff must establish that she has exhausted her administrative remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision; (2) the complaint must indicate the judicial district in which the plaintiff resides; (3) the complaint must state the nature of the plaintiff's disability and when the plaintiff claims she became disabled; and (4) the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief. *Montoya v. Colvin*, 2016 WL 890922, at *2 (D. Nev. Mar. 8, 2016) (citing *Soete v. Colvin*, 2013 WL 5947231, *2 (D. Nev. Nov. 4, 2013); *Pitcher v. Astrue*, 2012 WL 3780354, *1 (D. Nev. Aug. 30, 2012)).

Plaintiff alleges a claim against the administrative law judge, Barry H. Jenkins, challenging his denial of disability insurance benefits. He alleges that he was disabled. Plaintiff claims that the Social Security Commissioner, initially and upon reconsideration, denied his

3

applications for disability insurance benefits. Plaintiff states that he requested review of the ALJ's decision with the Appeals Council, which was denied. Plaintiff now seeks judicial review of that final agency decision. Federal courts only have jurisdiction to conduct judicial review of the SSA's final decisions. *See* 42 U.S.C. § 405(g); *Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008); *see also Cilifano v. Sanders*, 430 U.S. 99, 107–09 (1977). Plaintiff appears to have fully exhausted his administrative remedies with the SSA. The Court will, therefore, allow Plaintiff's complaint to proceed as a petition for judicial review of a final agency decision.

Plaintiff, however, has named the incorrect defendant. A complaint that seeks review of a social security determination is properly brought against the acting Commissioner of Social Security, Nancy A. Berryhill, not the individual Administrative Law Judge. The Court will, therefore, amend Plaintiff's amended complaint to include the acting Commissioner of Social Security, Nancy A. Berryhill, as the Defendant in this matter. Accordingly,

**IT IS HEREBY ORDERED** that the Amended Complaint (ECF No. 10) is permitted to proceed.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall serve the Commissioner of the Social Security Administration by sending a copy of summons and Complaint by certified mail to: (1) Office of the Regional Chief Counsel, Region IX, Social Security Administration, 160 Spear Street, Suite 899, San Francisco, California 94105, and (2) the Attorney General of the United States, Department of Justice, 950 Pennsylvania Ave. NW, Washington DC 20530.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall issue summons to the United States Attorney for the District of Nevada, and deliver the summons and Complaint to the U.S. Marshal for service.

**IT IS FURTHER ORDERED** that Defendants shall have **sixty (60) days** from the date of service to file their answer or responsive pleading to Plaintiff's Complaint in this case.

**IT IS FURTHER ORDERED** that henceforth, Plaintiff shall serve upon Defendant, or their attorney if they have retained one, a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to

4

Defendant or their counsel. The court may disregard any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate of service.

Dated this 6th day of May, 2019.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE