UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AMIR F. ABD-ELMALEK,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>    Defendant. | Case No. 2:16-CV-02509-APG-EJY<br><br>**ORDER** |

Before the Court is a letter received from Plaintiff Amir F. Abd-Elmalek in which he states he does not understand what he must do to move his complaint against the Commissioner of Social Security forward. ECF No. 27. This letter shows a cc to Martin A. Muckleroy, an attorney licensed in the State of Nevada.

Whether *pro se* or represented, plaintiffs must follow the Rules of Civil Procedure and must present to the Court the issues they seek the Court to decide. On November 3, 2016, the Court dismissed Plaintiff's Complaint without prejudice, giving Plaintiff the opportunity to file an Amended Complaint that would state claims the Court could consider and ultimately rule upon. ECF No. 3. Plaintiff's case was then dismissed on March 8, 2017 because Plaintiff did not file an Amended Complaint. ECF No. 6. On March 27, 2017, Plaintiff filed a Motion to Reconsider (ECF No. 8) and the Court reopened Plaintiff's case on April 3, 2017 requiring Plaintiff to file an Amended Complaint by May 17, 2017. ECF No. 9.

On May 1, 2017, Plaintiff filed an Amended Complaint. ECF No. 10. On May 7, 2019, the Court ordered the Amended Complaint to proceed and gave Plaintiff 60 days to serve the Commissioner. ECF No. 11.[1] Plaintiff served the Commissioner who answered Plaintiff's Amended Complaint on July 9, 2019. ECF No. 17. On October 22, 2019, the Court issued an Order stating motions were due by November 21, 2019. ECF No. 20. That Order explained that Plaintiff

---

[1] The undersigned does not know what caused this delay.

1

must file a Motion to Remand his case to the Social Security Administration if Plaintiff seeks the Administration to reconsider or reverse its ruling denying benefits. *Id*. The Order includes a description of what Plaintiff must do on pages 2 and 3, and gave Plaintiff 30 days to file his Motion. *Id*.

Plaintiff did not file a Motion within 30 days of the Order or to date. Plaintiff continues to state he does not understand what he must do to move his case forward. The Court cannot act as Plaintiff's advocate or provide step by step instructions regarding how to proceed on his case. Courts should not have to serve as advocates for pro se litigants. A statement explaining the deficiencies of a filing need not provide great detail or require district courts to act as legal advisors to pro se plaintiffs. For example, when dismissing a pro se complaint for failure to state a claim, district courts need draft only a few sentences explaining the problems with the filing. "The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir.1987) (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)). In practice, this means that pro se plaintiffs are ultimately held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). This does not mean, however, that a court can make the plaintiff's case where he has failed to do so. *Young v. Wachovia FSB*, Case No. C11-0552, 2011 WL 3022301, at *1 (W.D. Wash. July 22, 2011).

Plaintiff was provided multiple opportunities to file a Motion to Remand his case for further consideration or reversal by the Commissioner of Social Security. Plaintiff has not done so. The Court appreciates that Plaintiff may not be a skilled advocate, but he has provided nothing by way of facts, law or discussion regarding alleged error by the Commissioner of Social Security upon which the Court can rule.

Accordingly,

IT IS HEREBY ORDERED that, within 30 days of the date of this Order, Plaintiff is directed to file a written motion explaining that he has exhausted his appeal rights within the Social Security Administration and, with reasonable particularity, detailing the alleged errors made by the

Administrative Law Judge that decided his case thereby warranting reversal or remand.  *See* ECF No. 20.  Failure to comply with this Order will result in a recommendation to dismiss Plaintiff's case.

DATED: February 25, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE