UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AMIR F. ABD-ELMALEK,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>    Defendant. | Case No. 2:16-cv-02509-APG-EJY<br><br>**ORDER** |

Presently before the Court is Plaintiff's Motion to Remand Case. ECF No. 29. Plaintiff is proceeding *pro se* and is seeking judicial review of the Social Security Administration's denial of disability benefits. On February 25, 2020, this Court ordered Plaintiff "to file a written motion explaining that he has exhausted his appeal rights within the Social Security Administration and, with reasonable particularity, detailing the alleged errors made by the Administrative Law Judge that decided his case thereby warranting reversal or remand." ECF No. 28 at 2–3 (citing ECF No. 20).

Liberally construed, Plaintiff has filed a motion for reversal and/or remand. *Hopkins v. Berryhill*, 697 Fed.Appx. 892, 892 (9th Cir. 2017) ("We construe [the claimant's] pro se pleadings liberally and address his contentions that the administrative law judge . . . improperly discounted [the claimant's] testimony and, as a result, erred in concluding that [the claimant] was not disabled.") (internal citation omitted).

Pursuant to this Court's October 22, 2019 Order (ECF No. 20 at 2 ¶ 6), Plaintiff has:

- specified each and every condition or ailment, or combination thereof, that allegedly renders him disabled and is allegedly supported by evidence contained in the administrative record ("My medical challenges include: []pancytopenia, hepatitis C, chronic liver cirrhosis, depression, lack of concentration, body weakness, headaches, fatigue, chronic pain on the right abdominal, pain in neck, back and legs, joint pain, nausea and numbness on the legs." ECF No. 29 at 1);

- stipulated that the ALJ fairly and accurately summarized the evidence contained in the administrative record ("The commissioner considered my medical conditions and other information . . . in determining how my condition affects my ability to work." *Id*.); and,

- included a complete but concise statement as to why the record does not contain substantial evidence to support the Commissioner's conclusion that Plaintiff is not disabled (claimant argues he is "still disable[d] and ha[s] not been able to return to work," in part because his continued pain prevents him from "[l]ifting, carrying, pushing, squatting, stooping, . . . kneeling," "see[ing] clearly," and "tolerat[ing] hot or cold weather," and engaging in daily activities, including "shower[ing]," "cook[ing], clean[ing], [and] driv[ing]," "see[ing] clearly[.]". *Id*. at 2).

Plaintiff's motion appears to argue that the Commissioner erred in crediting a state agency medical consultant's opinion that opined a greater residual functional capacity than he is able to perform, and in discounting Plaintiff's subjective complaints based on his reports of daily living. *Compare id. with* AR 21. In addition, although Plaintiff has not explained how he has exhausted his appeal rights with the Social Security Administration verbatim, the administrative record reveals that Plaintiff has done so. AR 15. Because Plaintiff has exhausted his administrative remedies, he is entitled to judicial review of his disability appeal.

Accordingly,

IT IS HEREBY ORDERED that Defendant shall, within forty-five (45) days of the issuance of this Order, file a notice of voluntary remand or a cross-motion to affirm and opposition to Plaintiff's motion.[1]

DATED THIS 27th day of March, 2020.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

---

[1] Due to the current medical concerns arriving from the novel coronavirus, Defendant shall have forty-five days (instead of thirty days) from the issuance of this Order to file its notice of voluntary remand or cross-motion to affirm and opposition to Plaintiff's motion.

2