1  NICHOLAS A. TRUTANICH
   United States Attorney
2  DEBORAH LEE STACHEL
   Regional Chief Counsel
3  DANIEL P. TALBERT
   Special Assistant United States Attorney
4       Social Security Administration
        160 Spear Street, Suite 800
5       San Francisco, CA 94105
        Telephone: (415) 977-8995
6       Facsimile: (415) 744-0134
   Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

LAS VEGAS DIVISION

| AMIR F. ABD-ELMALEK, | No. 2:16-cv-02509-APG-EJY |
|---|---|
| Plaintiff, | |
| v. | NOTICE OF VOLUNTARY REMAND |
| ANDREW SAUL, Commissioner of Social Security, | |
| Defendant. | |

In response to Plaintiff's Motion to Remand (ECF No. 29) and this Court's Order (ECF No. 30), Defendant files his Notice of Voluntary Remand.  Defendant agrees with Plaintiff that remand to the Commissioner of Social Security is proper pursuant to 42 U.S.C. § 405(g), sentence four.  Upon remand, the Appeals Council will remand the case to an administrative law judge (ALJ) for a new decision.  The Appeals Council will instruct that the ALJ shall reevaluate Plaintiff's application under the sequential evaluation process, including evaluating Plaintiff's symptom allegations, giving specific reasons for the weight the ALJ gives to those allegations, and evaluating opinion evidence including medical opinions and statements from Plaintiff's wife.

Further administrative proceedings are proper in this case because of significant conflicts between the medical source opinions, raising serious doubt of disability.  Specifically, Plaintiff's treating sources disagreed as to whether Plaintiff was disabled, with one treating physician, Zeid Kayali, M.D., concluding that he was not disabled (AR 1219) and that he was able to lift and carry up to 20 pounds (AR 652), consistent with an opinion from State agency physician William McCollum, M.D. (AR 716-18).  Two other treating physicians, Michael Charlton, M.D., and Dennis Jensen, M.D., provided check-the-box forms indicating greater limitations (AR 1294-98, 1309-13).  The responsibility for resolving this conflict rests with the ALJ, and requires remand for further administrative proceedings.  *See Leon v. Berryhill*, 880 F.3d 1041, 1047 (9th Cir. 2018) (suggesting that remand for payment is not proper where a record contains "inconsistencies in the claimant's primary physician's medical opinions"); *Dominguez v. Colvin*, 808 F.3d 403, 408-09 (9th Cir. 2016) (remanding for further proceedings because of conflicts between medical source opinions).  Therefore, this Court should remand for further proceedings.

//
//
//
//
//
//
//

Counsel for Defendant contacted Plaintiff by telephone (using the telephone number for Plaintiff available on the docket sheet) on May 7, 2020, and left a voice mail, and again attempted to contact Plaintiff by telephone on May 11, 2020, but has not received a response. Therefore, Defendant cannot state Plaintiff's position on this Notice of Voluntary Remand.

Respectfully submitted,

NICHOLAS TRUTANICH
United States Attorney

DATE: May 11, 2020     By     *s/ Daniel P. Talbert*
DANIEL P. TALBERT
Special Assistant United States Attorney

Attorneys for Defendant

[PROPOSED] ORDER

Good cause appearing, this case is remanded to the Commissioner of Social Security for further administrative proceedings.

DATED:  May 12, 2020

_____
HON. ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

2